## OKLAHOMA FUEL SUPPLY CO. v. STEPHENS.

No. 6569.   Opinion Filed February 8, 1916.

(155 Pac. 523.)

APPEAL AND ERROR — Failure to File Brief — Reversal. Where plaintiff in error has completed his record and filed it in the Supreme Court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which

the judgment may be sustained; and where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Brewer, C.)

*Error from District Court, Rogers County:*

*T. L. Brown, Judge.*

Action by Hiram Stephens against the Oklahoma Fuel Supply Company. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

*Randolph, Haver & Shirk,* for plaintiff in error.

Opinion by BREWER, C. Defendant in error, on December 3, 1913, filed his petition in the district court against plaintiff in error, asking for an injunction to prevent it from cutting off his supply of natural gas. For a cause of action he alleged, in substance, that he was a resident of Claremore, Okla.; that defendant was engaged in furnishing natural gas under a franchise from said town, to the citizens thereof; that defendant had promulgated a rule that citizens desiring to use natural gas must thereafter take and pay for same at 25 cents per thousand feet, through a meter; and that if they did not do so, their supply would be discontinued; that theretofore he had been receiving and paying for the gas under what is called a flat rate; that unless plaintiff installed a meter and took and paid for the gas as thereby measured, which he was unwilling to do, his supply would be cut off; that as defendant had no right to make such requirement, it ought to be enjoined, etc. A demurrer was overruled, and an injunction issued. From this order this appeal is prosecuted.

Plaintiff in error has filed its brief. Defendant in error has not filed a brief, or offered any excuse or reason for not having done so.

It is urged by plaintiff in error that the injunction should not have issued, for the reason that under the law it was required to sell its gas to citizen customers for domestic use, in towns as large as Claremore, through a meter, and it relies on an act of the Legislature of April 28, 1913 (Sess. Laws 1913, p. 309), provided said act is constitutional, which reads:

"Section 1. That all persons, firms, corporations, or other business organizations engaged in the business of furnishing natural gas in municipalities in this state, to the inhabitants thereof, shall do so through standard meters at meter rates: Provided, that this act shall only apply to towns where the population exceeds five hundred, and shall not prohibit the sale of gas at a flat rate to federal, state or municipally owned buildings, institutions or plants."

Plaintiff then relies, as to the act being constitutional, on the case of *Pawhuska Oil & Gas Co. v. City of Pawhuska*, 47 Okla. 342, 148 Pac. 118, which holds:

"Where, pursuant to section 12, art. 2, c. 26, Sess. Laws 1909, a domestic pipe line corporation was granted a franchise to lay, use, and maintain pipes and mains below and on the surface of streets, alleys, etc., of a municipality of more than 500 inhabitants, and where the franchise granted to said company the right to furnish natural gas to its citizens not to exceed a certain maximum rate for 1,000 cubic feet as registered by standard meters for the measurement of natural gas or at a flat rate at the option of the customers at certain maximum price, *held*, that an act approved April 28, 1913 (Sess. Laws 1913, p. 309, c. 152), requiring said corporation

to furnish gas through standard meters at meter rate, was a valid exercise of the police power of the state reserved by article 18, sec. 7, of the Constitution. * * *"

It is sufficient, in the absence of a brief from defendant in error, to say that plaintiff in error's petition and claim of reversible error seems to be well taken, and that the cause should be reversed, with directions to set aside the order granting the injunction.

By the Court: It is so ordered.